# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-825V

|  |  |
|---|---|
| ALICIA SAWYER, *as parent and natural guardian of T.S., a minor*,<br><br>        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | Chief Special Master Corcoran<br><br>Filed: June 25, 2024 |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Madylan Louise Yarc, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On June 6, 2023, Alicia Sawyer filed a petition on behalf of her minor child, T.S., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that T.S. suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a human papillomavirus ("HPV") vaccination administered to T.S. on July 13, 2022. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, T.S. suffered sequela of the injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for T.S.'s vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On April 19, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for T.S.'s SIRVA. ECF No. 20. On June 24, 2024, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner, for the benefit of T.S., should be awarded $42,500.00 in pain and suffering and $460.29 in out-of-pocket expenses. Proffer at 2, ECF No. 23. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner, on behalf of T.S., is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment as follows:**

**A. A lump sum payment of $42,500.00 for pain and suffering, in the form of a check payable to Petitioner as guardian/conservator of T.S, for the benefit of T.S. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of T.S.'s estate under the laws of the State of Georgia. No payments shall be made until Petitioner provides Respondent with documentation establishing that she has been appointed as the guardian/conservator of T.S.'s estate. If Petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of T.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.S. upon submission of written documentation of such appointment to the Secretary. Further, if guardianship is no longer required under the laws of the State of Georgia after T.S. has attained the age of majority, any such payment shall be paid to T.S. upon submission of written documentation of the termination of guardianship to the Secretary;**

**B. A lump sum payment of $460.29, representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioner.**

Proffer at 2-3. This amount represents compensation for all damages that would be available under Section 15(a). *See id.*

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALICIA SAWYER, *as parent and natural guardian of* T.S., *a minor*,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 23-825V<br>Chief Special Master Corcoran (SPU)<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

**I.       Procedural History**

On June 6, 2023, Alicia Sawyer, ("petitioner") as mother and natural guardian of her minor child, T.S., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act").  Petitioner alleged that T.S. suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of a Human Papillomavirus ("HPV") vaccination received on July 13, 2022.  Petition at 1.

On April 19, 2024, respondent filed his Vaccine Rule 4(c) report, concluding that T.S. suffered a SIRVA as defined by the Vaccine Injury Table, within the Table timeframe, and with no apparent alternative cause.  That same day, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for T.S.'s Table SIRVA injury.  The parties reached agreement on damages on June 18, 2024.

---

[1]     This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

1

II. **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner, for the benefit of T.S., should be awarded a lump sum of **$42,960.29**, for all damages (consisting of $42,500.00 of actual pain and suffering, and $460.29 in documented out-of-pocket expenses). This amount represents all elements of compensation to which petitioner, on T.S.'s behalf, is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

I. **Form of the Award**

The parties recommend that the compensation provided to T.S. should be made through a combination of lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

    **A.** A lump sum payment of $42,500.00 in the form of a check payable to petitioner as guardian/conservator of T.S., for the benefit of T.S. Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of T.S.'s estate under the laws of the State of Georgia. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of T.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of T.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of T.S. upon submission of written documentation of such appointment to the Secretary. Further,

---

[2] Should T.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

if guardianship is no longer required under the laws of the state of Georgia after T.S. has attained the age of majority, any such payment shall be paid to T.S. upon submission of written documentation of the termination of guardianship to the Secretary.

    **B.** A lump sum payment of $460.29, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner.

**III.**    **Summary of Recommended Payments Following Judgment**

    **A.** Lump Sum paid to petitioner as guardian/conservator of the estate of T.S. for the benefit of T.S.     **$42,500.00**

    **B.** Past unreimbursable expenses payable to petitioner:     **$460.29**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ *Madylan L. Yarc*
MADYLAN L. YARC
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel: (202) 742-6376
Madylan.L.Yarc@usdoj.gov

Date: June 24, 2024